## MRS. SALLIE WATSON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 7 November. 1940.)

**1. Railroads § 9—Evidence held for jury on issue of negligence of railroad company causing accident at crossing resulting in injury to plaintiff.**

Plaintiff's evidence tended to show that defendant's railroad tracks crossed at grade one of the main thoroughfares of a city, that the view of the tracks was obstructed by small buildings and vegetation on the right of way, that no gongs or signal devices were maintained thereat, that defendant's train operated at an excessive speed and without warning signals by bell or whistle, approached the crossing and struck an automobile which was attempting to cross the tracks, that the driver of the car was not guilty of negligence, that the train carried the car some 75 feet down the track and dropped it on plaintiff, who was working in her flower garden, causing her injury. *Held:* The Evidence was sufficient to overrule defendant's motion to nonsuit, notwithstanding evidence introduced by defendant contradicting plaintiff's evidence on every material aspect.

**2. Trial § 22b—**

Upon a demurrer thereto, the evidence must be construed in the light most favorable to plaintiff and he is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. C. S., 567.

APPEAL by plaintiff from *Thompson, J.,* at April Term, 1940, of WAYNE.

*Royall, Gosney & Smith and James Glenn for plaintiff, appellant.*

*D. H. Bland, W. B. R. Guion, Thomas W. Davis, and V. E. Phelps for defendant, appellee.*

SCHENCK, J. This is an action to recover damages for personal injuries to the plaintiff alleged to have been caused by the negligence of

the defendant. After all the evidence on both sides was in, the court sustained the defendant's demurrer to the evidence and entered judgment as in case of nonsuit. C. S., 567. The plaintiff preserved exception and appealed.

The plaintiff alleges that while she was working among her flowers near the side of the defendant's railroad track the defendant's freight train struck the automobile of Miss Mitcham, which was crossing the railroad track at a highway intersection, and carried the automobile along the railroad track for some seventy-four feet and dropped it on the plaintiff, causing her injuries.

The plaintiff alleges that the defendant's negligence, which was a proximate cause of her injury, consisted of (1) its failure to maintain at a dangerous and much-used crossing a watchman, gates, gongs or other signalling device; (2) its operating its train at an excessive rate of speed; and (3) its failure to give adequate signal by whistle or bell of its approach to the highway and railroad track intersection.

The court below held that there was not sufficient evidence to be submitted to the jury upon the issues joined upon the allegations of the complaint and the denials thereof in the answer. We think this holding was erroneous.

The evidence of the plaintiff tended to show that the intersection of Ash Street and the railroad track of the defendant, where a collision between the automobile driven by Miss Mitcham and the train of the defendant occurred, was within the corporate limits of the city of Goldsboro, that the street was one of the main thoroughfares of the city, and was much used; that the view of the railroad track south of the intersection in the direction from which the train was approaching was obstructed by small buildings and vegetation on the right of way of the railroad company; that the train approached the intersection at a speed of 20 or 25 miles per hour, that no timely and adequate signal was given by whistle, bell or otherwise of the approach to the intersection of the train; that Miss Mitcham was driving her automobile on Ash Street in an easterly direction at a reasonable rate of speed and in a careful manner, that the brakes, as well as the general mechanical structure of her automobile, were good, and that as she entered the intersection she saw the train and turned her automobile slightly to the left in an endeavor to escape the collision, but her automobile was struck by the oncoming train of the defendant and she and her automobile were carried down the railroad track by the engine of the defendant some seventy-four feet and were thrown to the side of the track upon the plaintiff while working in her flowers.

The evidence of the defendant was sharply in conflict with that of the plaintiff, and tended to show that the crossing was not such a dangerous

one and so used as, in the exercise of reasonable care, to require the keeping of a watchman or the maintenance of gates, gongs or other signalling devices thereat, that the view to the south of the crossing was unobstructed, and that the whistle and bell on defendant's train were sounded, and the train was being operated at a reasonable rate of speed and in a careful manner; and that when Miss Mitcham, who was driving negligently and at an excessive rate of speed, saw that her automobile was going to strike the left side of the engine of the defendant's train which had entered well into the intersection, she turned her automobile to the left and drove it down the side of the railroad track till it fell therefrom upon the plaintiff—that the automobile was not struck by the defendant's engine but ran down the railroad track under its own power.

Upon a demurrer thereto we must construe the evidence in the light most favorable to the plaintiff, who is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom, annotations under C. S., 567, in N. C. Code, 1939 (Michie), and when we apply this rule we are constrained to hold that his Honor erred when he allowed the defendant's motion for judgment as in case of nonsuit. *White v. R. R.*, 216 N. C., 79; *Moseley v. R. R.*, 197 N. C., 628, and cases there cited.

The judgment below is

Reversed.